UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                              Case No.  8:07-cv-2121-T-30TGW

THOMAS R. BEATTIE, et al.,

    Defendants.
_____/

## ORDER

THIS CAUSE comes before the Court upon Plaintiff United States' Motion for Summary Judgment (Dkt. 21). Defendants have failed to timely respond to the motion. The Court, having thus considered the motion and supporting memorandum without the benefit of a response, and being otherwise fully advised in the premises, determines the motion should be granted.

**Summary Judgment Standard**

Summary judgment is appropriate only where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). "A genuine issue of material fact does not exist unless there is sufficient evidence favoring the nonmoving party for a reasonable jury to return a verdict in its favor." Haves v. City of Miami, 52 F.3d 918, 921 (11th Cir. 1995). At the summary judgment stage, the judge's function is not to "weigh the evidence and determine the truth

of the matter, but to determine whether there is a genuine issue for trial." <u>Anderson v. Liberty Lobby</u>, 477 U.S. 242, 249 (1986).

In considering a motion for summary judgment, the court views all evidence in the light most favorable to the party opposing the motion. <u>Harris v. H & W Contracting Co.</u>, 102 F.3d 516, 519 (11th Cir. 1996). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. If the movant meets this burden, the burden then shifts to the nonmoving party to establish that a genuine dispute of material fact exists. <u>See</u> <u>Hairston v. Gainesville Sun Pub. Co.</u>, 9 F.3d 913, 918 (11th Cir. 1993).

**Background**

The United States of America ("Plaintiff" or "USA") brings this civil action to reduce to judgment unpaid federal income taxes, interest, and penalties against pro se Defendants Thomas R. Beattie and Linda M. Beattie that continue to accrue until paid and to foreclose federal tax liens against certain real property.

A delegate of the Secretary of the Treasury made timely assessments for unpaid federal income taxes, penalties, and interest against Thomas Beattie for the 1995, 1997, 1998, 1999, 2000, 2001, 2002, and 2003 tax years on the dates and in the amounts listed below:

| Tax Year | Assessment Date | Tax | Interest | Penalty |
|---|---|---|---|---|
| 1995 | November 17, 1997 | $22,749.00 | $4,219.55 | $2,197.40* |
| | | | | $5,118.52** |
| | August 20, 2001 | | | $500.00**** |
| 1997 | November 17, 1997 | $18,851.00 | $2,294.93 | $1,488.08* |
| | | | | $4,241.47** |
| | | | | $679.37*** |
| | August 20, 2001 | | | $500.00**** |

| 1998 | August 2, 1999 | $19,166.00 | $272.97 | $223.32* |
| | | | | $517.39*** |
| | December 31, 2001 | | | $500.00*** |
| 1999 | October 2, 2000 | $15,081.00 | $383.34 | $269.43* |
| | | | | $660.96*** |
| | December 31, 2001 | | | $500.00**** |
| 2000 | February 21, 2005 | $9,413.00 | $2,572.03 | $2,094.55* |
| | | | | $2,005.42** |
| | | | | $468.74*** |
| 2001 | February 28, 2005 | $17,320.00 | $2,100.99 | $1,905.92* |
| | | | | $2,574.22** |
| | | | | $155.39*** |
| | December 5, 2005 | $2,940.00 | | $735.00** |
| 2002 | January 2, 2006 | $25,409.00 | $4,624.62 | $4,192.48* |
| | | | | $5,717.03** |
| 2003 | November 15, 2004 | $5,104.00 | $41.16 | $53.20* |
| | | | | $131.70*** |
| | January 2, 2006 | $5,812.00 | | $1,833.00** |

\*      Failure to Pay Tax Penalty
\*\*     Late Filing Penalty
\*\*\*    Estimated Tax Penalty
\*\*\*\*   Frivolous Filing Penalty

As of October 24, 2008, the total amount owed by Thomas Beattie to the United States, including all taxes, fees, interest, and statutory additions, is $277,124.70.

A delegate of the Secretary of the Treasury made timely assessments for unpaid federal income taxes, penalties, and interest against Linda Beattie for the 2002 tax year on the dates and in the amounts listed below:

| Tax Year | Assessment Date | Tax | Interest | Penalty |
| 2002 | February 14, 2005 | $994.00 | $108.48 | $109.34* |
| | | | | $223.65** |
| | | | | $300.00*** |

\*       Failure to Pay Tax Penalty
\*\*      Late Filing Penalty
\*\*\*     Estimated Tax Penalty

As of October 24, 2008, the total amount owed by Linda Beattie to the United States, including all taxes, fees, interest, and statutory additions, is $2,089.34.

A delegate of the Secretary of the Treasury made timely assessments for unpaid federal income taxes, penalties, and interest against Thomas and Linda Beattie for the 2004 and 2005 tax years on the dates and in the amounts listed below:

| Tax Year | Assessment Date | Tax | Interest | Penalty |
| --- | --- | --- | --- | --- |
| 2004 | November 21, 2005 | $16,819.00 | $493.62 | $487.36* |
|  |  |  |  | $1,678.59** |
| 2005 | September 18, 2066 | $5,386.00 | $43.03 | $39.57* |
|  |  |  |  | $35.00*** |

\*       Failure to Pay Tax Penalty
\*\*      Late Filing Penalty
\*\*\*     Estimated Tax Penalty

As of October 24, 2008, the total amount owed by Thomas and Linda Beattie to the United States, including all taxes, fees, interest, and statutory additions, is $19,798.99.

Federal tax liens arose against Thomas Beattie and Linda Beattie at the dates of assessment listed above. Notice of the foreclosure action was completed on December 18, 2007. The property that is the subject ("the subject property") of this foreclosure action is located at 1423 Union Street, Clearwater, FL 33755. It is described as follows:

"Lot 67, SUNSET RIDGE UNIT I, according to the map or plat thereof as recorded in Plat Book 54, Page 23, Public Records of Pinellas County, Florida."

Defendants Thomas and Linda Beattie acquired the Subject Property on September 19, 1996 by virtue of a Warranty Deed, and recorded this instrument in Pinellas County, Florida on September 23, 1996.

On February 23, 2000, Fremont Investment and Loan granted a mortgage over the subject property to Thomas and Linda Beattie. This mortgage was subsequently assigned to Defendant Countrywide Home Loans ("Countrywide"). A joint stipulation filed by the USA and Countrywide establishes that Countrywide's mortgage is superior in right to the federal tax liens. The stipulation further provides that the distribution of the sale proceeds will be as follows:

> (1) Internal Revenue Service - Property Appraisal and Liquidation Services for the costs of the sale, including any expenses incurred to secure or maintain the property pending sale and confirmation by the Court, and to Countrywide Home Loans, Inc. for any amounts advanced to others for insurance and/or taxes which become due prior to the date of sale of the property, but have not been paid by Thomas R. Beattie and Linda M. Beattie. If the Government is the successful bidder, and therefore has not tendered cash, the Government shall tender to the IRS the expenses of the sale and to Countrywide Home Loans, Inc. any advances of insurance and taxes as described above;
>
> (2) Countrywide Home Loans, Inc. - as mortgagee of a mortgage dated February 23, 2000 against the Subject Property;

(3) United States of America, on behalf of the Internal Revenue Service - by virtue of its tax liens against (1) Thomas R. Beattie for federal individual income taxes, penalties, and interest for tax years 1995-2003; (2) Linda M. Beattie for federal individual income tax, penalties, and interest for 2002, and (3) Thomas R. Beattie and Linda M. Beattie for federal joint income taxes, penalties, and interest for 2004 and 2005.

## Discussion

This Court has jurisdiction over the subject matter of this civil action pursuant to 28 U.S.C. §§ 1340 and 1345 and 26 U.S.C. § 7402 (Internal Revenue Code). An assessment of federal income tax by the Internal Revenue Service ("IRS") is presumed valid. Welch v. Helvering, 290 U.S. 111, 115 (1993); Bone v. Comm'r, 324 F.3d 1289, 1293 (11th Cir. 2003). A Certificate of Official Record provides prima facie proof of the assessments for unpaid federal income tax. United States v. Chila, 871 F.2d 1015, 1017-18 (11th Cir. 1989).

If a taxpayer challenges the assessment, the taxpayer bears the burden of overcoming the presumption of correctness by proving, by a preponderance of the evidence, that the Commissioner's determinations were incorrect. Bone, 324 F.3d at 1293; see also Olster v. Comm'r, 751 F.2d 1168, 1174 (11th Cir. 1985) ("[a]bsent a finding that the computational methods used, and therefore the assessment, was arbitrary and without foundation, the tax deficiency is presumptively correct," and "the taxpayer has the burden of proving that the computational method used is arbitrary and without foundation").

Plaintiff filed the Certificate of Official Record (Dkt. 21-4), which, as stated above, is prima facie proof of the assessments for unpaid federal income tax. Defendants Thomas and Linda Beattie failed to respond to the Plaintiff's Motion for Summary Judgment and have thus made no attempt to overcome the presumption of correctness. Without evidence to the contrary, the Court accepts the IRS assessment as correct.

It is therefore ORDERED AND ADJUDGED that:

1. Motion for Summary Judgment by the United States (Dkt. #21) is **GRANTED**.

2. The Clerk is directed to enter **JUDGMENT** in favor of the United States of America and against Defendants Thomas R. Beattie and Linda M. Beattie.

3. The Clerk is directed to enter **JUDGMENT** in favor of Countrywide Home Loans, Inc.

4. Defendant Thomas R. Beattie is indebted to the United States for unpaid federal income tax liabilities for the taxable years 1995 and 1997-2003, in the total sum of $277,124.70, as of October 24, 2008, plus additional fees, interest, and statutory additions accruing thereafter as provided by law.

5. Defendant Linda M. Beattie is indebted to the United States for unpaid federal income tax liabilities for the taxable year 2002, in the total sum of $2,089.34, as of October 24, 2008, plus additional fees, interest, and statutory additions accruing thereafter as provided by law.

6. Defendants Thomas R. Beattie and Linda M. Beattie are indebted to the United States for unpaid federal income tax liabilities for the taxable years 2004 and 2005, in the total sum of $19,798.99, as of October 24, 2008, plus additional fees, interest, and statutory additions accruing thereafter as provided by law.

7. The subject property located at 1423 Union Street, Clearwater, FL 33755, shall be foreclosed and sold and the proceeds distributed in accordance with the Joint Stipulation Setting Priorities of the United States of America and Countrywide Home Loans, Inc. (Dkt. 22).

8. The Clerk is also directed to **CLOSE** this case and terminate any pending motions.

**DONE** and **ORDERED** in Tampa, Florida on November 21, 2008.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2007\07-cv-2121.MSJ tax assessments.frm